IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AARON JUAN MOORE, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-1454
:
v. : Hon. John E. Jones III
:
:
WARDEN FRANK STRADA, :
:
    Respondent :

## **MEMORANDUM**

September 6, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On August 8, 2011, Petitioner Aaron Juan Moore ("Petitioner" or "Moore"), a former federal inmate, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  At the time of filing, he was confined at the Low Security Correctional Institution - Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania.  His Petition challenged his loss of good time credits following prison disciplinary proceedings.

By Order dated August 18, 2011, we directed service of the Petition on Respondent and directed the filing of an answer to the Petition within twenty-one (21) days.  (Doc. 5.)  On August 26, 2011, Respondent filed a Suggestion of Mootness

stating that, on August 17, 2011, Moore was released from the custody of the Federal Bureau of Prisons ("BOP") via good conduct time release. (Doc. 6 at 1.) Attached to Respondent's filing is the Declaration of Michael S. Romano, Attorney Advisor at the United States Penitentiary Lewisburg, verifying Moore's release (*id.* at 3), and a copy of Moore' Public Information Inmate Data as of August 24, 2011 reflecting that he was released on August 17, 2011 via good conduct time release (*id.* at 4).

## DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present

case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, Moore's challenge was to his loss of good conduct time credits following disciplinary proceedings conducted during his time in BOP custody. (*See* Doc. 1 at 1.) As observed by Respondent, Moore did not make a specific request for relief in his Petition, but it can be presumed that he wanted restoration of at least a portion of his good conduct time that had been taken as a sanction. Thus, where Moore has been released from BOP custody via good conduct time release, his request for restoration of good conduct time now is moot. Accordingly, the Petition must be dismissed for lack of case or controversy. An appropriate Order will enter.